# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| HEIDI ROSICH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No.: 2:09CV155-PPS |
| SUR-TOWNSEND PONTIAC, INC. and MICHAEL SUR, | ) ) ) ) |
| Defendants. | ) ) |

## **OPINION AND ORDER**

At Christmas-time in 2006, plaintiff Heidi Rosich was hired by defendant Sur-Townsend Pontiac, Inc. to work as a service advisor at its Paul Sur Pontiac-GMC dealership in Valparaiso, Indiana. Defendant Michael Sur is the President of Sur-Townsend Pontiac, Inc. Rosich alleges that approximately seven months later, in July 2007, she informed defendants that within the next year or so she would be having a surgery related to a female health condition and wanted to use "Paul Sur's family and medical leave and/or disability leave policy" in connection with the surgery. [DE 16, ¶11.] A year later, before she had scheduled the contemplated surgery, Rosich's employment was terminated.

Rosich has filed a first amended complaint asserting three claims against Sur-Townsend Pontiac and Michael Sur relating to her discharge. In Count I, Rosich alleges that she was discriminated against on the basis of her sex in violation of Title VII.[1] Count II alleges that defendants' conduct in terminating Rosich's employment constituted interference with and

---
[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

retaliation relating to ERISA benefits.[2]  Lastly, Count III is brought under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, *et seq*.  Now before me is defendants' motion to dismiss Count III, asserting that the FMLA does not apply because the company has too few employees to be within the coverage of the FMLA.

The FMLA requires certain employers to give eligible employees 12 weeks of leave per 12-month period for qualifying reasons.  The FMLA defines "employer" as "any person engaged in commerce...who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."  29 U.S.C. §2611(4)(A)(I).  Michael Sur's affidavit in support of the motion to dismiss attests that in 2007 Sur-Townsend Pontiac, Inc. employed approximately 34 employees, that for 2008 the number was approximately 29, and that the business "never had fifty (50) employees for each working day in each of 20 or more calendar weeks at any time during 2007 or 2008." [DE 21-1, ¶¶5-7.]

Defendants' motion is made pursuant to Fed.R.Civ.P. 12(b)(6) but centrally relies on Sur's affidavit to dispute a fact expressly pled in the complaint.  *See* First Amended Complaint [DE 16], ¶51.  "Yet a Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010).  Movants don't suggest that their motion may be construed as one for summary judgment, but to the contrary set out the standard applicable to a motion under Rule 12(b)(6), including (ironically) that the court accept as true the facts pled in the complaint.  Def. Brief in Support [DE 21], p.4.  In response to the motion, plaintiff Rosich does not expressly dispute the number of employees as set forth in the affidavit, but instead offers other theories for her FMLA claim to

---

[2] The Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*

remain viable.  In support of these theories, Rosich submits her own affidavit, yet another matter outside the pleadings.

Pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  In the circumstances of this case, I am not inclined to take that step.  The reliance on affidavits by both parties suggests to me that their issues are better presented and considered in the context of a full summary judgment motion undertaken after adequate discovery.  Next, neither party has suggested or requested that the present Rule 12(b)(6) motion be treated as a motion for summary judgment.  Third, to do so would delay a ruling because it requires me to allow the parties the opportunity to expand the record and would probably entail additional briefing.  Finally, because the motion before me is directed to only one count out of three, at least two claims will proceed no matter how this motion to dismiss is resolved.

## CONCLUSION

For all these reasons, the Defendants' **Motion to Dismiss Count III of Plaintiff's Amended Complaint [DE 20]** is **denied without prejudice.**  The issues raised may be addressed by the filing of an appropriate motion for summary judgment.

**SO ORDERED.**

ENTERED:  May 11, 2010.

                                                   /s/ Philip P. Simon
                                                 CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT